IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAKEIL DARIUS LEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-139 |
| | ) | (Formerly CR 114-007) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Tekeil Darius Lee, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. The petition is before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED**, the motion for appointment of counsel be **DENIED**, and this civil action be **CLOSED**.

**I.    BACKGROUND**

On January 9, 2014, the grand jury in the Southern District of Georgia charged Petitioner and one co-defendant with one count of possession with intent to distribute schedule I and II controlled substances, one count of possession of a firearm in furtherance of a drug trafficking crime, one count of possession of a firearm and ammunition by prohibited persons, and one count of possession of fifteen unauthorized access devices. United States v. Lee, CR 114-007, doc. no. 1 (S.D. Ga. Jan. 9, 2014) (hereinafter "CR 114-007").

Represented by Michael N. Loebl, Petitioner pled guilty to Count Two of the indictment, possession of a firearm in furtherance of a drug trafficking crime, on May 7, 2014. Id., doc. nos. 61-63. In exchange for Petitioner's guilty plea, the government agreed to dismiss the remaining counts. Id., doc. no. 63, pp. 1, 4. By pleading guilty, Petitioner admitted the factual basis for his conviction. Id. at 2.

Petitioner's plea agreement included a broad appeal and collateral attack waiver that stated in relevant part:

> Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum; (2) that sentence exceeds the advisory Guidelines Range determined by this Court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal . . . . Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. §2255 motion.

Id. at 4-5.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). The PSI explained, pursuant to U.S.S.G. § 2K2.4(b), "the guideline sentence is the minimum term of imprisonment required by statute, which is 60 months." PSI ¶ 55; 18 U.S.C. § 924(c)(1)(A)(i). United States District Judge J. Randal Hall sentenced Petitioner to a term of imprisonment of 60 months, and the Court entered a judgment on June 25, 2014. CR 114-007, doc. nos. 69, 70.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for

vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, on June 23, 2016, Petitioner filed a motion in his underlying criminal case asserting his belief that Johnson applies to his sentencing and requesting appointment of counsel. CR 114-007, doc. no. 77. On July 14, 2016, Judge Hall explained the Court intended to re-characterize this motion as a first § 2255 motion unless Petitioner notified the Court of his intention to contest the re-characterization, withdraw the motion, or amend the motion to include any § 2255 claims other than those based on Johnson. See id., doc. no. 78. When Petitioner failed to object, the Clerk opened this action on August 15, 2016. (Doc. no. 1.) On September 1, 2016, in response to Judge Hall's Order, Petitioner filed the motion reviewed herein on a completed Southern District § 2255 form. (Doc. no. 2.)

Petitioner argues Johnson applies because he was sentenced under the residual clause in 18 U.S.C. § 924(c), which mirrors the residual clause of the ACCA. (Id.) Petitioner also contends he "was never in possession of any firearm, the firearm that I've been convicted of having was indeed inside of a residence that my name wasn't in compliance with on any lease or deed." (Id. at 4.)

3

## II. DISCUSSION

### A. <u>Johnson</u> Does Not Apply to Convictions for Predicate Drug Crimes.

Petitioner pleaded guilty to violating 18 U.S.C. § 924(c) by knowingly possessing a firearm in furtherance of a drug trafficking crime. CR 114-007, doc. nos. 1, 62, 63. This code section applies to any person who uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes. For the purpose of § 924(c), a "drug trafficking crime" is "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). A "crime of violence" is an offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3). The latter clause is known as the § 924(c) residual clause.

Petitioner's conviction under § 924(c) was based on a "drug trafficking crime" as the predicate offense, not a "crime of violence." CR 114-007, doc. nos. 1, 62, 63. Although whether Johnson applies to § 924(c)'s residual clause is an open question in the Eleventh Circuit, Johnson obviously does not apply where, as here, the petitioner was convicted for a § 924(c) violation involving a drug trafficking crime that does not in any way invoke the residual clause. See In re Pinder, 824 F.3d 977, 979 (11th Cir. 2016). As this Court recently explained,

4

> Johnson says nothing about the viability of "serious drug offense" predicates. The term "drug trafficking crime" in § 924(c)(1)(A) covers similar ground as that ACCA phrase. And just as Johnson's logic failed to implicate drug offenses in the ACCA context, so too does it not apply to "drug trafficking crimes" for purposes of § 924(c).

Arrana-Garcia v. United States, No. CR 413-161, 2016 WL 4807720, at *2 (S.D. Ga. Aug. 10, 2016), *report and recommendation adopted*, No. CR 413-161, 2016 WL 4724560 (S.D. Ga. Sept. 8, 2016) (internal citations omitted). See also In re Gomez, –F.3d–, No. 16-14104-J, 2016 WL 3971720, at *3 (11th Cir. July 25, 2016) (Carnes, J., concurring) ("If the drug trafficking crimes are the basis for [Petitioner]'s § 924(c) sentence, then Johnson is inapplicable and the court's analysis must end.").

Accordingly, Johnson does not provide Petitioner with relief and his motion is subject to dismissal.

### B. To the Extent Petitioner Is Also Attempting to Challenge His Conviction, That Claim Is Barred as Untimely.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

>   4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on June 25, 2014, and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1). Thus, his claim alleging he never possessed a firearm, filed two years later, is untimely. In addition, as explained in Part II.A, *supra*, because Johnson does not apply to Petitioner, Johnson does not qualify him for a later statute of limitations. Accordingly, Petitioner's claim is time-barred.

Nevertheless, an otherwise untimely § 2255 motion may be considered if a petitioner can demonstrate either he is entitled to equitable tolling or a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of

either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. While Petitioner claims he is innocent of possessing a firearm, he has not presented any evidence, much less new evidence, to suggest he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him. (Doc. no. 1, p. 4.) Indeed, the only information Petitioner offers about the timeliness of his

motion is the reference to Johnson, but as detailed above, Johnson does not apply. Thus, the Court cannot consider Petitioner's untimely challenge to his conviction and that claim is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

### C. Petitioner Is Not Entitled to Appointed Counsel.

As to Petitioner's initial request for the appointment of counsel in his underlying criminal case, there is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[1]; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

8

constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 147 (2016 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, as evidenced by his response to the Court's July 14, 2016 Order directing him to file a § 2255 motion detailing his claims. Moreover, as explained above, his case is due to be dismissed because it does not fall within the parameters of Johnson and otherwise raises an untimely claim. Therefore, the motion for appointment of counsel should be **DENIED**. CR 114-007, doc. no. 77.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED,** the motion for appointment of counsel be **DENIED**, (CR 114-007, doc. no. 77), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of September, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA